UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61976-BLOOM/Valle

IQRIS TECHNOLOGIES LLC,

    Plaintiff,

v.

POINT BLANK ENTERPRISES, INC, *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Plaintiff Iqris Technologies LLC's ("Plaintiff") Renewed Motion for Leave to File First Amended Complaint, ECF No. [87] ("Motion"), filed on June 21, 2022. Defendants Point Blank Enterprises, Inc., and National Molding, LLC ("Defendants") filed a Response in Opposition, ECF No. [91] ("Response"), and Plaintiff filed a Reply, ECF No. [92] ("Reply"). Defendants thereafter filed a Motion to Submit Supplemental Authority, ECF No. [95].[1] The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

    **I.**    **BACKGROUND**

On September 20, 2021, Plaintiff filed its Complaint alleging infringement of U.S. Patent No. 8,256,020 (the "'020 Patent"). ECF No. [1]. That patent relates to a "Quick Release System for protective garments." ECF No. [1] at ¶ 8. It is a "continuation" of U.S. Patent No. 7,814,567

---

[1] Defendants' Motion to Submit Supplemental Authority should have been styled as a Notice, pursuant to Local Rule 7.8. Regardless, Plaintiff has not opposed Defendants' "Motion," and the Court has considered the supplemental authority attached thereto.

(the "'567 Patent"), which Plaintiff also owns. ECF No. [8-7] at 44. The '020 Patent is included in Plaintiff's Complaint; the '567 Patent is not. *See generally* ECF No. [1].

Plaintiff's proposed Amended Complaint contains three types of additional claims: (1) claims asserting infringement of the '567 Patent; (2) claims relating to sales to the U.S. Government; and (3) claims relating to sales to other vest suppliers. *Id*. at 3.

## II.     LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In addition, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3)(A). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at (b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). Accordingly, "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the

proper guide for determining whether a party's delay may be excused." *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment).

Through this lens, the Court addresses the instant Motion.

### III. DISCUSSION

The instant motion was filed nearly six months after the deadline for amended pleadings set forth in the Court's Scheduling Order. ECF No. [21] at 2 (setting a deadline of December 28, 2021). Because the Motion is untimely, Plaintiff must first demonstrate "good cause" pursuant to Rule 16(b). *Smith*, 487 F.3d at 1366-67.

#### A. Rule 16(b)

Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007). Plaintiff argues that good cause exists because it did not discover the additional '567 Patent claims until Defendants produced a physical sample of the vest and release system at issue on May 19, 2022. ECF No. [87] at 2. That was 133 days after Plaintiff first requested a physical sample in its request for production. *Id*.

Defendants respond that they were not responsible for the discovery delay and, regardless, Plaintiff did not explain how examination of the vest revealed the new claims Plaintiff seeks to assert. ECF No. [91] at 10. Defendants attached to their Response a pre-suit cease-and-desist letter demonstrating that Plaintiff possessed detailed pictures of the vest and release system as early as

3

April 2020. ECF No. [91-1] at 2. That cease-and-desist letter also evinces Plaintiff's knowledge of the potential similarities between Defendants' products and Patent '567. *Id*. at 2-3.

Plaintiff replies that examination of the physical vest revealed "details of the rings and hooks used to secure the front and back of the vest together and their actuation to release the front of the vest from the back of the vest." ECF No. [92] at 2. Plaintiff further asserts that "[t]hese details were not visible in the pictures . . . upon which Plaintiff relied in drafting its . . . Complaint." *Id*. Upon examination of the actual vest, Plaintiff "determined that the '567 patent was infringed," and promptly moved to amend. *Id*. at 2-3.

The Court finds that Plaintiff has asserted a plausible explanation for its belated motion for leave to add claims based on the '567 Patent. The pictures within Plaintiff's cease-and-desist letter do not clearly reveal "rings" or a "hook" as stated in the '567 Patent. *See* ECF Nos. [91-1] at 2; [87-1] at 31. At this stage in the proceeding, the Court is in no position to question Plaintiff's assertion that physical examination of the vest revealed "details of the rings and hooks" that are not visible in the photographs. ECF No. [92] at 2. Plaintiff has plausibly argued that the necessary information was not available prior to production of the vest. *See Sosa*, 133 F.3d at 1419 (considering prior availability of "the information supporting the proposed amendment" in the Rule 16(b) good cause analysis).

Regarding diligence and dilatoriness, Plaintiff promptly took steps to move to amend the Complaint after receiving the vest on May 19, 2022. *See* ECF No. [87] at 3; ECF No. [91] at 7 (stating that Plaintiff informed Defendants of its wish to amend the Complaint on June 12, 2022). Relatedly, while each party blames the other for the delay in Plaintiff's acquisition of the vest, the record does not conclusively reveal that either party was dilatory. Plaintiff requested a physical sample of the vest in its first request for production on January 6, 2022. ECF No. [87-2] at 8 ¶ 22.

In its response dated February 28, 2022, Defendant Point Blank objected to the request as burdensome, but offered "an inspection" of the vest "at a mutually agreeable time and place and subject to mutually agreeable inspection parameters." ECF No. [91-5] at 5. Defendants assert that Plaintiff "did not seek to arrange an inspection[.]" ECF No. [91] at 5. Defendants eventually acceded to Plaintiff's subsequent request to produce the vest. *Id.* at 10. Based on this record, the Court cannot conclude that Plaintiff acted with less than "reasonable diligence" in discovering the vest. *Donahay*, 243 F.R.D. at 699.

In sum, in light of Plaintiff's contention that information related to Patent '567 was not available prior to production of the vest, and the lack of evidence of Plaintiff's dilatoriness, the Court finds "good cause" under Rule 16(b) to allow a modification of the Court's scheduling order. *See Sosa*, 133 F.3d at 1419. The Court therefore proceeds with analysis under Rule 15(a)(2). *Id*.

**B.     Rule 15(a)(2)**

Rule 15(a)(2) instructs district courts to "freely give leave [to amend] when justice so requires." *Id.* However, amendment is properly denied where the moving party acted with "undue delay," where amendment would cause "undue prejudice to the opposing party," or "where amendment would be futile." *Bryant*, 252 F.3d at 1163.

Defendants first argue that the Motion should be denied due to Plaintiff's "undue delay." ECF No. [91] at 11. "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir.2013). For the reasons explained in the previous section discussing Rule 16(b), the Court does not find evidence of undue delay with respect to Plaintiff's addition of the Patent '567 claims.

However, Defendants correctly point out that Plaintiff has asserted no relationship between its physical examination of the vest and its additional proposed amendments regarding sales to other companies and sales to the U.S. Government. ECF No. [91] at 10. Plaintiff does not explain why it failed to raise those claims previously; there is no indication that the information supporting those claims was previously unavailable. Due to Plaintiff's unexplained "lack of diligence" in moving to add those claims, leave to add them now is appropriately denied. *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)); *see Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming a district court's denial of a motion to amend in part because there were "no matters that appellant proposed to add which could not have been raised initially").

Regarding "undue prejudice," *Bryant*, 252 F.3d at 1163, Defendants argue that the proposed amendments will require additional discovery at this point in the case when briefing and a hearing on claim construction are imminent. ECF No. [91] at 11 (noting that the claim construction hearing is scheduled for September 29, 2022). Discovery in this case is scheduled to be completed on January 10, 2023. ECF No. [24] at 2. Unlike other cases in which courts found additional discovery burdens amounted to undue prejudice, granting leave to amend in this case will not require discovery to be reopened or extended. *See, e.g.*, *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (party sought leave to amend after discovery period closed); *Tamba Bay Water*, 731 F.3d at 1187 (same); *Carter v. City of Montgomery*, Case No. 15-cv-555, 2019 WL 7170449, at *4 (M.D. Ala. Dec. 20, 2019) (plaintiff moved to amend two weeks before discovery was scheduled to close). To the extent amendment will require an extension of the claim construction briefing or hearing, *see* ECF No. [91] at 18, Defendants may move for such an extension after conferring with Plaintiff, in accordance with Local Rule 7.1(a)(3).

Finally, Defendants argue that it would be futile for Plaintiff to add claims related to sales to the U.S. Government. ECF No. [91] at 13 (citing 28 U.S.C. § 1498). Title 28 U.S.C. § 1498 "protects government contractors against infringement liability" when the contractors' "use or manufacture of a patented invention" is for the United States. *Astornet Tech. Inc. v. BAE Sys., Inc.*, 802 F.3d 1271, 1277 (Fed. Cir. 2015) (alteration in the original). Plaintiff's proposed amendments to include claims relating to Defendants' sales to the U.S. Government fall squarely within the statute. Given that the U.S. Government expressly authorized and consented to potentially infringing sales activity in its contracts with Defendant Point Blank, ECF No. [91] at 16, there is no question that 28 U.S.C. § 1498 applies. Accordingly, Plaintiff's claims relating to sales to the U.S. Government can exclusively be brought against the U.S. Government, and exclusively in the Court of Federal Claims. *See Astornet Tech.*, 802 F.3d at 1277. Indeed, as Defendants demonstrate in their supplemental filing, ECF No. [95], Plaintiff asserted those claims in a suit filed on July 19, 2022 against the U.S. Government, in the Court of Federal Claims. The Court agrees with Defendants that it would be futile for Plaintiff to simultaneously pursue recovery from such sales in this proceeding.

In sum, the Court concludes that under the "liberal amendment instructions of Rule 15(a)," Plaintiff should be granted leave to amend its Complaint to add claims relating to Patent '567 **only**. *Smith*, 487 F.3d at 1367. Plaintiff's Motion is denied with respect to Plaintiff's proposed amendments relating to sales to other companies and sales to the U.S. Government. Those amendments are denied due to Plaintiff's "undue delay," and additionally due to the futility of challenging Defendants' sales to the U.S. Government in this proceeding. *See Bryant*, 252 F.3d at 1163.

Case No. 21-cv-61976-BLOOM/Valle

## C. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [87]**, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is granted leave to amend only to the extent that it is permitted to add claims relating to Patent '567. Plaintiff shall file its Amended Complaint **no later than August 12, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 5, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record