UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61976-BLOOM/Reinhart

IQRIS TECHNOLOGIES LLC,

    Plaintiff,

v.

POINT BLANK ENTERPRISES, INC, *et al.*,

    Defendants.
_____/

## ORDER ON OBJECTION TO DISCOVERY ORDER

**THIS CAUSE** is before the Court upon Plaintiff Iqris Technologies LLC's ("Plaintiff") Objection to And Request for Clarification Concerning This Court's Order, ECF No. [159] ("Objection"), filed on November 18, 2022. Defendants Point Blank Enterprises, Inc. and National Molding, LLC ("Defendants") filed a combined Response in Opposition, ECF No. [168], to which Plaintiff improperly filed a Reply,[1] ECF No. [172]. The Court has carefully reviewed the Objection, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Objection is overruled.

**I.    BACKGROUND**

In this patent dispute, Plaintiff accuses Defendants of infringing upon U.S. Patent No. 8,256,020 ("the '020 Patent") and U.S. Patent No. 7,814,567 ("the '567 Patent). *See generally* First Amended Complaint, ECF No. [101]. Defendants have filed Counterclaims. *See* ECF Nos. [108],

---

[1] Neither the Local Rules nor the Federal Rules of Civil Procedure permit the filing of a Reply when appealing a magistrate judge's order on non-dispositive matters. *See* S.D. Fla. Mag. J. L.R. 4(a)(1) (only permitting objections within fourteen days of magistrate judge's order and responses to objections within fourteen days of objections); *see also* Fed. R. Civ. P. 72(a). Nonetheless, the Court has considered Plaintiff's Reply in the rendering of this decision.

[109]. Relevant to the instant Objection is Defendants' Eighth Counterclaim, in which they assert that the '020 Patent is unenforceable due to Plaintiff's inequitable conduct before the United States Patent and Trademark Office ("USPTO"). *See* ECF Nos. [108] at 24-26, [109] at 23-25. The alleged inequitable conduct is that Plaintiff falsely represented to the USPTO that Plaintiff's delay in petitioning to revive the '020 Patent was "unintentional." *Id.* According to Defendants, Plaintiff's delay was intentional, as evidenced by the following alleged facts: (a) Plaintiff learned that both the '020 and '567 Patents had been abandoned by May 9, 2019; (b) Plaintiff filed a petition to revive the '567 Patent in July 2018; and (c) Plaintiff did not file a petition to revive the '020 Patent until March 2019. ECF No. [108] ¶ 163.

To further investigate the cause of Plaintiff's delay in reviving the '020 Patent, Defendant National Molding, LLC asked the following interrogatory: "Why did Iqris revive the '567 Patent on July 11, 2018, but not the '020 Patent on the same date?" ECF No. [117-2] at 2. Plaintiff responded:

> I don't know. I told our patent attorney to proceed with reviving the patents as soon as I became aware that they became abandoned. I left the mechanics of accomplishing this task to the patent attorney.

*Id*.

On September 15, 2022, Defendants filed a Motion to Compel the Production of Documents on Plaintiff's Privilege Log, ECF No. [117] ("Motion"). Therein, they argued that Plaintiff's response quoted above, wherein Plaintiff references instructions to counsel, waives attorney-client privilege over those communications. *Id*. at 2. Accordingly, Defendants requested an order compelling Plaintiff to produce all documents on its privilege log relating to revival of the patents. *Id*. The Court referred Defendants' Motion to Magistrate Judge Bruce E. Reinhart. ECF No. [124].

Magistrate Judge Reinhart conducted an *in camera* review of Plaintiff's privileged documents prior to holding a discovery hearing on November 3, 2022. *See generally* ECF No. [168-1] (discovery hearing transcript). Following the hearing, the Magistrate Judge found that Plaintiff had partially waived its attorney-client privilege, so "Defendants are entitled to very limited discovery on this issue, namely, the date and substance of Plaintiff's communications with counsel about reviving its patents and any related follow-up discussions." ECF No. [147] at 1. Out of the 58 pages of emails that the Magistrate Judge reviewed *in camera*, he found "three specific communications that should be disclosed." ECF No. [168-1] at 17. The Magistrate Judge thereafter redacted non-relevant information from those three communications and provided the redacted documents to Plaintiff with instructions to disclose to Defendant. *Id*.

On November 18, 2022, Plaintiff filed the instant Objection to the Magistrate Judge's ruling. ECF No. [159]. Therein, Plaintiff argues that the Magistrate Judge misapplied case law in ordering Plaintiff to produce its attorney-client communications. *Id*. at 4-8. Plaintiff additionally argues that the Magistrate Judge did not sufficiently redact privileged information. *Id*. at 8. Lastly, Plaintiff requests clarification as to how the Magistrate Judge's ruling applies to future depositions. *Id*. at 9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that, when timely objections are made to a magistrate judge's order on a pretrial, non-dispositive matter, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court

"finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (*quoting S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

### III. DISCUSSION

The issue raised by Plaintiff's Objection is whether a party waives the attorney-client privilege by asserting that a delay in filing a petition was inconsistent with the party's instructions to its attorney. The Court agrees with the Magistrate Judge that, in the circumstances of this case, Plaintiff's disclosure put the substance of its instructions to its attorney at issue and therefore constitutes a partial waiver of the attorney-client privilege.

**A. Waiver of the Attorney-Client Privilege**

"The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." *In re EchoStar Comms. Corp.*, 448 F.3d 1294, 1300 (Fed. Cir. 2006) (quotation marks omitted).[2] "This privilege is at the discretion of the client[,]" and it can be waived, for instance, "to establish a defense." *Id*. However, "selective waiver of the privilege may lead to the inequitable result that the party could waive its privilege for favorable advice while asserting its privilege on unfavorable advice," thus using the

---

[2] Plaintiff has not contested Defendants' assertion that Federal Circuit law controls this issue of attorney-client privilege because it is intertwined with Defendants' claim for inequitable conduct. *See* ECF No. [117] at 7 n.3. The Court applies Federal Circuit law in accordance with the parties' apparent agreement on this issue.

4

attorney-client privilege "as both a sword and a shield." *Id*. at 1301. "To prevent such abuses, . . . when a party defends its actions by disclosing an attorney-client communication, it waives the attorney-client privilege as to all such communications regarding the same subject matter." *Id*. "Generally, disclosure of the substance of a privileged communication will result in waiver, whereas disclosure of the mere fact that such communication took place will not." *Brigham and Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, 707 F. Supp. 2d 463, 470 (D. Del. 2010).

As an initial matter, the first several pages of argument in Plaintiff's Objection are devoted to distinguishing cases that were cited within Defendants' original Motion to Compel. ECF No. [159] at 4-5. Plaintiff neglected to discuss or even cite those cases in briefing before the Magistrate Judge. ECF No. [119]. The Court in its discretion may decline to address arguments that Plaintiff failed to make to the Magistrate Judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). Nonetheless, the Court has considered Plaintiff's belated attempt to distinguish the cases cited within Plaintiff's Motion to Compel, and the Court concludes that, while the cases are in some ways distinguishable, they support the proposition that a party cannot simultaneously "use the advice of counsel as both a sword to defeat the intent prong of inequitable conduct and as a shield to prevent [opposing parties] from obtaining information to prove intent[.]" *Brigham and Women's Hosp. Inc.*, 707 F. Supp. 2d at 471.

However, the primary case Plaintiff relies upon was unavailable to Plaintiff during briefing before the Magistrate Judge: *Sensormatic Electronics, LLC v. Genetec (USA) Inc.*, No. 20-cv-760, 2022 WL 14760185 (D. Del. Oct. 20, 2022), *adopted by* 2022 WL 18007332 (D. Del. Dec. 30,

2022). The Court agrees with Plaintiff that *Sensormatic* is closely on point and merits an extended discussion.[3]

As in the instant case, the issue in *Sensormatic* was whether a plaintiff had placed its attorney's advice at issue in a patent case that included a counterclaim for inequitable conduct. 2022 WL 14760185, at *1. As here, the counterclaim for inequitable conduct was based on a theory that the plaintiff had lied to the USPTO when it stated that its delay in reviving a patent application was "unintentional." *Id.* Like Defendants here, the *Sensormatic* defendants based their inequitable conduct theory in part on a significant delay between the plaintiff's notice that its patent had been abandoned and the plaintiff's filing an application to revive it. *Id.* In a statement of material facts at the summary judgment stage, the *Sensormatic* plaintiff stated, in relevant part, that it realized the patent application became abandoned around June 2005, hired a law firm to file a petition to revive it, and then, in May 2006, "inquired" to the law firm why the petition to revive had not yet been filed. *Id*. at **2-3. The *Sensormatic* defendants argued that these statements (among others) put the substance of attorney-client communications "at issue" and therefore partially waived the attorney-client privilege. *Id*. at *1. The Magistrate Judge disagreed. *Id*. at *4. First, he found that the hiring of a law firm for a particular purpose is a non-privileged fact. *Id.* He further reasoned that the statement regarding the plaintiff's "inquir[y]" to its law firm "might (if considered in a vacuum) suggest that Plaintiff is putting at issue the substance of communications" between the plaintiff and its attorneys "(i.e., about *why* it was that the petition had not been filed)." *Id*. at *3. But the Magistrate Judge ultimately concluded otherwise, because the motion for summary judgment did not reference the "stray reference" to the plaintiff's inquiry and there was no

---

[3] *Sensormatic* applied Third Circuit law rather than Federal Circuit law due to the parties' reliance on Third Circuit caselaw and the defendants' assertion that "the Third Circuit's approach to this issue is no different from that of the Federal Circuit." 2022 WL 14760185, *1 n.2.

elaboration on what the plaintiff "'inquired' about, or the substance of any responses he was given." *Id*.

Despite the similarities between *Sensormatic* and the present case, the Court agrees with Defendants that there are meaningful differences in the context and substance of the disclosures that occurred. *See* ECF No. [168] at 11. Unlike the "stray reference" to the attorney-client communication in *Sensormatic*, 2022 WL 14760185, at *3, Plaintiff's reference to an attorney-client communication in this case occurred in direct response to Defendant National Molding's interrogatory, "Why did Iqris revive the '567 Patent on July 11, 2018, but not the '020 Patent on the same date?" ECF No. [117-2] at 2. Plaintiff's response puts the substance of its attorney-client communication at issue:

> I don't know. I told our patent attorney to proceed with reviving the patents as soon as I became aware that they became abandoned. I left the mechanics of accomplishing this task to the patent attorney.

*Id*. In that response, Plaintiff discloses its instructions to its attorney to explain that Plaintiff's attorney, as opposed to Plaintiff, was the cause of the delay. As the *Sensormatic* court recognized, a reference to attorney-client communications that is offered to explain "*why* . . . the petition had not been filed" would put the substance of those communications at issue and would lead to a different result. *Sensormatic*, 2022 WL 14760185, at *3.

Thus, while the Court finds *Sensormatic* persuasive, the Court reaches the opposite result. *Sensormatic* was addressing a "disclosure of the mere fact that [an attorney-client] communication took place," whereas here there has been a "disclosure of the *substance* of a privileged communication" in an attempt to undermine Defendants' counterclaim. *Brigham and Women's Hosp.*, 707 F. Supp. 2d at 470 (emphasis added). Because Plaintiff has "defend[ed] its actions by disclosing an attorney-client communication," it has "waive[d] the attorney-client privilege as to

7

all such communications regarding the same subject matter." *In re EchoStar*, 448 F.3d at 1301. Accordingly, the Magistrate Judge's finding of a partial waiver of the attorney-client privilege is not "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a).

### B. Prejudice

Next, Plaintiff asserts that Defendants have "failed to explain how they would be prejudiced by Plaintiff's refusal to disclose the privileged communications." ECF No. [159] at 7. The Court disagrees. As Defendants persuasively argue, the prejudice is that Defendants would be unable to probe Plaintiff's explanation for the delay in reviving the '020 Patent. ECF No. [168] at 13. They would be forced to accept the word of Plaintiff that it told its "patent attorney to proceed with reviving the patents," so any delay in "accomplishing this task" is attributable to the attorney, for reasons that would be privileged. ECF No. [117-2] at 2. Allowing Plaintiff to selectively disclose its attorney-client communication in this manner would "lead to the inequitable result" of Plaintiff using the attorney-client privilege "as both a sword and a shield." *In re EchoStar*, 448 F.3d at 1301.

### C. Redactions

In the alternative to sustaining Plaintiff's Objection on the waiver issue, Plaintiff asks the Court to "review the privileged communications again" and determine whether the Magistrate Judge failed to redact privileged communications. ECF No. [159] at 8. The Court has done so. Having reviewed the 58 pages of unredacted information provided to the Magistrate Judge, the Court finds no error or abuse of discretion in the Magistrate Judge's findings of waiver and redactions.

### D. Request for Clarification

Lastly, Plaintiff seeks clarification as to "whether the Magistrate Judge's Order extends to future depositions." ECF No. [159] at 9. According to Plaintiff, the Magistrate Judge's Order "did not elaborate on the scope of future discovery" resulting from the Magistrate Judge's ruling. *Id.*

Plaintiff's request is not well taken. It is true that the Magistrate Judge's Order Memorializing Discovery Rulings did not explicitly address the issue of future depositions. *See* ECF No. [147] at 1. But the Magistrate Judge's bench ruling leaves no doubt: "[I]n terms of going forward with both depositions of the lawyer" and "the 30(b)(6) witness," a waiver has occurred "and the parties can act accordingly[.]" ECF No. [168-1] at 17-18. As to the scope of the waiver, the Magistrate Judge clarified, both in his bench ruling and his written order, that the "waiver is limited to what was said to the lawyers relating to reviving these patents and when those statements were made. . . and whether there was any follow-up discussion as to getting the lawyers to do whatever needed to be done here." *Id*. at 16; ECF No. [147] at 1 ("I find that Defendants are entitled to very limited discovery on this issue, namely, the date and substance of Plaintiff's communications with counsel about reviving its patents and any related follow-up discussions."). In short, the clarification Plaintiff seeks can be found in the transcript of the discovery hearing. *See* ECF No. [168-1].

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Objection, **ECF No. [159]**, is **OVERRULED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record